UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MELISSA C.[1],

                              Plaintiff,

v.

                                                                    19-CV-1206

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.

## DECISION AND ORDER

Pursuant to 28 U.S.C. § 636(c), the parties have consented to have the

undersigned conduct any and all further proceedings in this case, including entry of final

judgment.  Dkt. No. 12.  Melissa C. ("Plaintiff"), who is represented by counsel, brings this

action pursuant to the Social Security Act ("the Act") seeking review of the final decision of

the Commissioner of Social Security ("the Commissioner") denying her application for

benefits.  This Court has jurisdiction over the matter pursuant to 42 U.S.C.

§ 405(g).  Presently before the Court are the parties' competing motions for judgment on

the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  Dkt. Nos. 5,

9.  For the following reasons, Plaintiff's motion (Dkt. No. 5) is denied, and the

Commissioner's motion (Dkt. No. 9) is granted.

---

[1] In accordance with guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, which the Western District of New York adopted in November 2020 to better protect personal and medical information of non-governmental parties, this Decision and Order will identify the plaintiff using only her first name and last initial.

## BACKGROUND

On September 19, 2016, Plaintiff filed for Supplemental Security Income ("SSI"), alleging disability beginning on April 1, 2016, due to Chronic Obstructive Pulmonary Disease ("COPD"), thyroid issues, psoriasis, lupus, depression and extreme fatigue.  Tr. at 172, 176.[2]  Plaintiff's application was denied at the initial level and she requested review.  Tr. at 71, 78.  Administrative Law Judge Andrew J. Soltes, Jr. ("the ALJ") conducted a hearing on December 27, 2018.  Tr. at 27-70.  Plaintiff, who was represented by an attorney, testified as did an impartial vocational expert.  Tr. at 27-70.  On March 12, 2019, the ALJ issued a decision in which he found that Plaintiff was not disabled and, therefore, not eligible for benefits.  Tr. at 9-23.  The Appeals Council denied Plaintiff's request for review, making the ALJ's determination the final decision of the Commissioner.  Tr. at 1-6.  Plaintiff thereafter commenced this action seeking review of the Commissioner's decision.  Dkt. No. 1.

## LEGAL STANDARD

**Disability Determination**

An ALJ must follow a five-step process to determine whether an individual is disabled under the Act.  *See Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987).  At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity.  *See* 20 C.F.R. § 404.1520(b).  If so, the claimant is not disabled.  If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or

---

[2]Citations to "Tr. __" refer to the pages of the administrative transcript, which appears at Docket No. 4.

combination of impairments, that is "severe," meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether the claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). 20 C.F.R. § 404.1520(d). If the impairment meets or medically equals a Listings criterion and meets the durational requirement (20 C.F.R. § 404.1509), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for collective impairments. *See* 20 C.F.R. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. If not, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of the claimant's age, education, and work experience. *See Rosa v.*

*Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

**District Court Review**

42 U.S.C. § 405(g) authorizes a district court "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g) (2007).  Section 405(g) limits the scope of the Court's review to two inquiries:  whether the Commissioner's conclusions were based upon an erroneous legal standard, and whether the Commissioner's findings were supported by substantial evidence in the record as a whole.  *See Green-Younger v. Barnhart*, 335 F.3d 99, 105-106 (2d Cir. 2003).  Substantial evidence is "more than a mere scintilla."  *Moran v. Astrue,* 569 F.3d 108, 112 (2d Cir. 2009).  "It means such *relevant* evidence as a *reasonable* mind might accept as adequate to support a conclusion."  *Id.* (emphasis added and citation omitted).  The substantial evidence standard of review is a very deferential standard, even more so than the "clearly erroneous" standard.  *Brault v. Comm'r of Soc. Sec.*, 683 F.3d 443, 447-48 (2d Cir. 2012) (citing *Dickinson v. Zurko,* 527 U.S. 150, 153 (1999)).

When determining whether the Commissioner's findings are supported by substantial evidence, the Court's task is "'to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn.'" *Brown v. Apfel*, 174 F.3d 59, 62 (2d Cir. 1999) (quoting *Mongeur v. Heckler*, 722 F.2d 1033, 1038 (2d Cir. 1983) (per curiam)).  If there is substantial evidence for the ALJ's

4

determination, the decision must be upheld, even if there is also substantial evidence for the plaintiff's position.  *See Perez v. Chater,* 77 F.3d 41, 46-47 (2d Cir. 1996); *Conlin ex rel. N.T.C.B. v. Colvin*, 111 F. Supp. 3d 376, 384 (W.D.N.Y. 2015).  Likewise, where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

## DISCUSSION AND ANALYSIS

**The ALJ's Decision**

The ALJ analyzed Plaintiff's claims using the familiar five-step process described above.  *Lynch v. Astrue*, No. 07-CV-249, 2008 WL 3413899, at *2 (W.D.N.Y. Aug. 8, 2008) (detailing the five steps).  At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since September 19, 2016, the application date.  Tr. at 14.  At step two, he found that Plaintiff had the following severe impairments:  asthma, COPD, degenerative changes in the lumbar spine, emphysema, hypertension, hypothyroidism, psoriasis, and major depressive disorder.  Tr. at 14.[3]

At step three, the ALJ concluded that Plaintiff's impairments did not, either individually or in combination, meet or equal the Listings, giving special consideration to Listing 12.04 (Depressive, Bipolar and Related Disorders), and 12.06 (Anxiety and Obsessive-Compulsive Disorders).  Tr. at 15-16.  Regarding the "Paragraph B" criteria, the ALJ found that Plaintiff had no difficulties in the broad area of interacting with others, and

---

[3] This Court presumes the parties' familiarity with Plaintiff's medical history, which is detailed at length in the papers.

moderate limitations in the broad areas of understanding, remembering and applying information; concentrating, persisting, or maintaining pace; and adapting or managing oneself.  Tr. at 15-17.

The ALJ found, based on the entire record and the VE's testimony, that Plaintiff retained the RFC to perform sedentary work as defined in 20 C.F.R. § 416.967(a), except:  she can occasionally climb stairs and ramps; can never climb ladders, ropes, or scaffolds; she can occasionally stoop and crouch, but can never kneel or crawl; she must avoid concentrated exposure to dust, fumes, gases, and other pulmonary irritants; she must avoid extreme temperatures; she can never work near unprotected heights; and is limited to a low stress occupation, consisting of simple, routine tasks and requiring no more than basic work-related decisions and rare changes to the work setting.  Tr. at 17-22. In addition, the ALJ found that Plaintiff was unable to perform her past prior occupations. Tr. at 22.

Continuing to the fourth step, however, the ALJ found that Plaintiff was able to perform jobs that exist in significant numbers in the national economy, including the sedentary jobs of document preparer (DOT 249.587-018), and credit checker (DOT 237.367-014).  Tr. at 23.  Accordingly, concluded the ALJ, Plaintiff was not under a disability from September 19, 2016, through the date of his decision.  Tr. at 23.

**Judgment on the Pleadings**

As noted above, the parties have cross-moved for judgment on the

pleadings.  Dkt. Nos. 5, 9.  Plaintiff argues that the ALJ failed to incorporate into the RFC

limitations regarding pace and time off-task, and that he failed to give good reasons for

rejecting certain aspects of the opinion of Dr. Alan Barcomb, Plaintiff's treating physician.

Dkt. No. 5.  The Commissioner argues that the ALJ properly rejected any limitations that

were not supported by the record, and gave numerous reasons for rejecting Dr. Barcomb's

opinions regarding Plaintiff's physical functioning and how frequently she would be absent

from the workplace.  Dkt. No. 9.  Having reviewed the record in its entirety, this Court finds

that the ALJ did not err in reaching his decision and that the RFC was substantially

supported.


**The Treating Physician's Opinion**

Plaintiff's treating physician, Dr. Barcomb, completed two medical

source statements on December 20, 2018, one relating to Plaintiff's mental limitations and

another to her physical limitations.  Tr. at 443.  Regarding Plaintiff's mental health,

Dr. Barcomb opined that Plaintiff was seriously limited in her ability to perform at a

consistent pace; had a satisfactory ability to remember work-like procedures; could

maintain attention and concentration for two-hour segments; could maintain regular

attendance; could work in coordination or in proximity to others; could complete a normal

work week; could respond appropriately to changes in the work setting; could deal with

normal work stress; could understand, remember, and carry out detailed instructions, set

realistic goals, make plans independently of others, interact appropriately with the general

public, travel to unfamiliar places, and use public transportation; but would be absent from work about two days each month.  Tr. at 443-47.

Dr. Barcomb's statement regarding Plaintiff's physical abilities was not as detailed.  He indicated that Plaintiff was not a malingerer, but noted that her depression contributed to the severity of her limitations.  Tr. at 437.  In response to numerous questions asking for specific limitations or objective evidence, Dr. Barcomb gave only vague answers.  For example, in response to the question, "How often during a typical workday is your patient's experience of pain or other symptoms severe enough to interfere with attention and concentration needed to perform even simple work tasks?" Dr. Barcomb wrote, "disabled since 3-28-16."  Tr. at 427.  When asked "To what degree can your patient tolerate work stress?", Dr. Barcomb wrote simply, "disabled."  Tr. at 437.  Dr. Barcomb responded similarly (stating merely "disabled" or "unable to work") to specific questions regarding Plaintiff's ability to sit and stand/walk during an 8-hour work day, her need to shift positions at will from sitting, standing, or walking, her need to take unscheduled breaks, her need to elevate her leg when sitting for prolonged periods, how many pounds Plaintiff could lift or carry, and how many days per month she was likely to be absent from work.  Tr. at 437-39.

The ALJ gave "significant weight" to Dr. Barcomb's mental health assessment, except for his estimation that she would be absent from work two days a month.  Tr. at 22 (granting "little weight" to the finding that claimant would be absent from work twice a month because "there is no apparent basis in the objective medical evidence"

to support the conclusion).  In contrast, the ALJ gave "little weight" to Dr. Barcomb's responses regarding Plaintiff's physical abilities and limitations.  Tr. at 21.

Plaintiff argues that this case should be remanded because the ALJ, while purporting to give "significant weight" to Dr. Barcomb's mental health opinion, failed to incorporate into the RFC any limitations regarding pace and time off-task.  Dkt. No. 5-1, pp. 10-12.  This Court does not agree, but rather, finds that the RFC properly accounts for Plaintiff's mental limitations by restricting her to "low stress occupation[al work], consisting of simple, routine tasks and requiring no more than basic work-related decisions and rare changes to the work setting."  Tr. at 17.

Plaintiff cites to no evidence demonstrating that she required more of an accommodation for her mental limitations.  Plaintiff herself admitted that she only "sometimes" had difficulty concentrating or focusing.  Tr. at 57.  The two other doctors to offer opinions regarding Plaintiff's mental abilities, Dr. Kristina Labarbera, the consulting psychiatrist, and Dr. C. Walker, the state agency review physician, assessed only a mild limitation in concentration, persistence, and pace.  Tr. at 76, 281.  A mild limitation in this area is consistent with unskilled, simple work.  In fact, the Second Circuit Court of Appeals has held that even a moderate limitation in the area of concentration, persistence, and pace would not necessarily preclude the ability to perform simple, unskilled work.  *See Zabala v. Astrue*, 595 F.3d 402, 410 (2d Cir. 2010) (affirming that the plaintiff was capable of performing unskilled work given that "[n]one of the clinicians who examined [plaintiff] indicated that she had anything more than moderate limitations in her work-related

functioning, and most reported less severe limitations"); *Matta v. Astrue*, 508 F. App'x. 53, 55 (2d Cir. 2013) (affirming the ALJ's finding "that plaintiff had moderate difficulties in concentration, persistence and pace and social functioning that limit [him] to simple, routine, low-stress, and unskilled tasks…"); *see also Jimmerson v. Berryhill*, No. 16-CV-442, 2017 WL 3149370, at *3-4 (W.D.N.Y. July 25, 2017) (holding that an RFC that limits the claimant to simple tasks in a low stress environment with limited interactions with others accommodated her moderate limitations in concentration and maintaining a regular schedule).

Moreover, the ALJ  did not simply limit Plaintiff to "simple, low stress work," but also included other limitations, such as work that requires no more than basic work-related decisions, and rare changes to the work setting.  Tr. 17-22.  This Court finds that based on this record, it was not necessary for the ALJ to incorporate further limitations regarding pace and time off-task.

The ALJ explicitly rejected Dr. Barcomb's opinion that Plaintiff would miss about two days of work per month due to her mental impairments, finding that the limitation was not supported by Dr. Barcomb's own treatment notes or any other objective medical evidence in the record.  Tr. at 22.  It was not erroneous for the ALJ to reject this aspect of Dr. Barcomb's opinion while crediting the balance of his mental assessment.  It is the ALJ alone who determines the RFC based on the medical record.  20 C.F.R. § 416.946(c). The law is clear that an ALJ's RFC finding does not need to be based on a particular medical opinion or medical source statement.  *Monroe v. Berryhill*, 676 F. App'x 5, 9 (2d

Cir. 2017); *see also Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) (reasoning that

"[a]lthough the ALJ's conclusion may not perfectly correspond with any of the opinions of

medical sources cited in h[er] decision, [s]he was entitled to weigh all of the evidence

available to make an RFC finding that was consistent with the record as a whole").  In this

regard, an ALJ may properly discount a portion of the opinion not supported by the medical

evidence.  *See Barry v. Colvin*, 606 F. App'x 621, 624 (2d Cir. 2015) (holding that the

consultative examiner's opinion that the claimant could not maintain a regular schedule did

not bind the ALJ, where the RFC was otherwise consistent with and supported by the

examiner's opinion); *Christina v. Colvin*, 594 F. App'x 32, 33 (2d Cir. 2015) (affirming the

ALJ's decision to discount a portion of the consultative examiner's opinion that was not

supported by the record); *Veino v. Barnhart*, 312 F.3d 578, 588-89 (2d Cir. 2002)

(reasoning that "[g]enuine conflicts in the medical evidence are for the Commissioner to

resolve[,]" and holding that "it was within the province of the ALJ" to resolve the evidence

to accept parts of a doctor's opinion and reject others).

          Moreover, the ALJ was correct that the evidence did not support a conclusion

that Plaintiff would be absent two days a month.  Dr. Barcomb himself opined that

Plaintiff's "moderate" depression was stable and that her prognosis was good.  Tr. at 445.

Dr. Labarbera agreed that Plaintiff's prognosis was good, stating that "[t]he claimant has

good adaptive skills in all areas."  Tr. at 281-82.  Dr. Walker concurred that Plaintiff's

activities of daily living were not impacted by her alleged psychiatric conditions.  Tr. at 76.

Perhaps most tellingly, the record shows that Plaintiff had no history of psychiatric

hospitalizations or even outpatient treatment.  Tr. at 279.  This would indicate that

Plaintiff's depression did not reach debilitating levels requiring absences. *Jessica L. v. Saul*, No. 19-CV-0554L, 2021 WL 269837, at *3 (W.D.N.Y. Jan. 27, 2021) (holding that "[t]he ALJ also did not err in questioning plaintiff's testimony about the severity of her symptoms, based on indications in the record that she rarely sought treatment . . . ."). Under the circumstances, the ALJ was justified in adopting Dr. Barcomb's substantiated opinion that Plaintiff was capable of simple, unskilled work, and also in rejecting his unsupported opinion that Plaintiff would be absent two days a month. *See* 20 C.F.R. § 416.927(c)(3) ("The more a medical source presents relevant evidence to support a medical opinion, particularly medical signs and laboratory findings, the more weight we will give that medical opinion."); 20 C.F.R. § 416.927(c)(4) ("Generally, the more consistent a medical opinion is with the record as a whole, the more weight we will give to that medical opinion.").

Plaintiff also argues that the ALJ erred in giving Dr. Barcomb's opinion regarding Plaintiff's physical limitations less than controlling weight. Dkt. No. 5-1, p. 12. She contends that the ALJ did not provide "good reasons" for rejecting this opinion, and substituted his own judgment. *Id*. In fact, the ALJ provided four good reasons for rejecting Dr. Barcomb's physical assessment. Tr. at 21. First, the ALJ correctly noted that whether a person is "disabled" under the Act is an issue reserved for the Commissioner. Tr. at 21; 20 C.F.R. § 404.1527(d)(1) ("We are responsible for making the determination or decision about whether you meet the statutory definition of disability."). While an ALJ will consider medical source opinions that a claimant is "disabled," such determinations are not binding on the Commissioner. 20 C.F.R. § 404.1527(d)(3) ("We will not give any special

12

significance to the source of an opinion on issues reserved to the Commissioner described in paragraphs d(1) and (d)(2) of this section."); *see also Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999) ("A treating physician's statement that the claimant is disabled cannot itself be determinative.").

Second, the ALJ found that the medical evidence was not consistent with a finding that Plaintiff was incapable of performing any work due to her COPD and emphysema.  Tr. at 21.  The diagnostic evidence in the record was, in fact, overwhelmingly unremarkable.  A March 3, 2016 chest x-ray showed bilateral hyperinflation of Plaintiff's lungs consistent with COPD, but no acute abnormalities of the lungs, and no acute thoracic pathology.  Tr. at 327.  An ALJ may rely on mild or unremarkable diagnostic or clinical evidence to support a finding of not disabled when it is consistent with other evidence in the record.  *See Corbiere v. Berryhill*, 760 F. App'x 54, 56-57 (2d Cir. 2019) (affirming a finding of not disabled where the ALJ relied upon an MRI showing only mild or unremarkable findings along with medical records from examining and non-examining physicians consistent with those findings).  Moreover, "[a] lack of supporting evidence on a matter for which the claimant bears the burden of proof, particularly when coupled with other inconsistent record evidence, can constitute substantial evidence supporting a denial of benefits."  *Barry v. Colvin*, 606 F. App'x 621, 622 (2d Cir. 2015); *see also Dumas v. Schweiker*, 712 F.2d 1545, 1553 (2d Cir. 1983) ("The [Commissioner] is entitled to rely not only on what the record says, but also on what it does not say.").

Plaintiff argues that the ALJ failed to "take into account [her] frequent visits to emergency rooms." Dkt. No. 5-1, p. 15. That is not true. The ALJ referenced the "temporary" conditions for which Plaintiff "sporadically" sought treatment, including upper respiratory conditions, a urinary tract infection, and minor physical injuries. Tr. at 18. Moreover, there is no evidence that Plaintiff was disabled by any of the medical problems which brought her to the emergency room. According to Dr. Barcomb, Plaintiff is disabled by COPD and emphysema. However, the treatment records from her emergency room visits show largely normal findings with respect to her cardiac and respiratory functions. Tr. at 228 (noting that Plaintiff's pulmonary effort and breath sounds were normal); 373 (reporting that Plaintiff's respiratory exam showed "[n]ormal air movement, [n]ormal [e]ffort"); 382 (stating that Plaintiff's respiratory exam revealed normal air movement, normal effort, good aeration, and no wheezing, crackles, or rhonchi); 403 (noting that Plaintiff's respiratory pattern was normal); 417 (documenting normal radial pulses and cardiac rhythm and normal air movement); 424 (noting that Plaintiff's airway was patent and her respiratory pattern normal). Given the inconsistency between Dr. Barcomb's opinion that Plaintiff was physically disabled and the other medical evidence of record, the ALJ properly gave it little weight. *See* 20 C.F.R. § 416.927(c)(4).

Third, the ALJ noted that Dr. Barcomb did not cite to any clinical findings or objective evidence to support his conclusion that Plaintiff was "disabled." Tr. at 21. As previously noted, a medical opinion that is supported by objective findings will be afforded more weight. See 20 C.F.R. § 416.927(c)(3). Dr. Barcomb did not make any specific findings regarding Plaintiff's ability to sit, stand, walk, lift, carry, grasp, or reach. Tr. at 21,

14

437-39.  He did not even respond to the Medical Source Statement entry directing him to "[i]dentify the clinical findings and objective signs" substantiating Plaintiff's symptoms or pain.  Tr. at 436.  And Dr. Barcomb's examination findings did not actually support the conclusion that Plaintiff was unable to work due to COPD and emphysema.  Tr. at 21.  On numerous occasions, Dr. Barcomb reported that despite being a heavy tobacco user, Plaintiff had normal cardiovascular and respiratory functions (other than occasional decreased sound in her right upper lung due to post-status partial lobectomy).  Tr. at 286, 292, 295, 298, 299-300, 302, 305.  These objective findings belie any claim that Plaintiff was disabled by her COPD or emphysema, and justify the ALJ in giving Dr. Barcomb's opinion less than controlling weight.  20 C.F.R. § 416.927(c)(3).

Fourth, the ALJ properly rejected Dr. Barcomb's opinion that Plaintiff was limited in her ability to move her neck and perform postural activities, noting that these limitations did not correlate to any diagnoses made by Dr. Barcomb and had no apparent support in the medical evidence.  Tr. at 21.  Dr. Barcomb indicated that Plaintiff was "disabled" by COPD and emphysema, and identified no other diagnoses in his medical source statement.  Tr. at 436.  Neither COPD nor emphysema would reasonably restrict Plaintiff in moving her neck, bending, stooping, crouching, or crawling.  Tr. at 436.  Based on the foregoing, this Court finds that the ALJ provided "good reasons" for declining to give controlling weight to Dr. Barcomb's physical assessment.

15

Plaintiff clearly disagrees with the ALJ's evaluation of the evidence. However, the substantial evidence standard is so deferential that "there could be two contrary rulings on the same record and both may be affirmed as supported by substantial evidence."  *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 127 (2d Cir. 2012).  That is, "once an ALJ finds the facts, [a reviewing court] can reject those facts only if a reasonable factfinder **would have to conclude otherwise**."  *Brault*, 683 F.3d at 448 (emphasis added).  This case does not present such a situation.  For all of the foregoing reasons, this Court finds that the ALJ's decision is free from legal error and is supported by substantial evidence.

## CONCLUSION

For the reasons stated herein, Plaintiff's motion for judgment on the pleadings (Dkt. No. 5) is hereby DENIED, and the Commissioner's motion for judgment on the pleadings (Dkt. No. 9) is GRANTED.  The Clerk of the Court is directed to close this case.

**SO ORDERED.**

DATED:      Buffalo, New York
             February 17, 2021

*s/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**

16